22 C. C. P. A. (Patents)

## BERMAN v. RONDELLE.

### Patent Appeal No. 3442.

Court of Customs and Patent Appeals.
March 25, 1935.

·E. Hume Talbert, of Washington, D. C., for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed here from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner of Interferences in awarding priority of invention to the appellee in the two counts involved, which appear to have been suggested by the Primary Examiner. Count 1 is illustrative, and follows: "1. The combination with an automobile frame having a front cross member and a motor on the frame, of an auxiliary vibration dampening support consisting of a pair of brackets rigidly secured to the front of the motor, within the confines of the front end of the motor casing and divergently depending therefrom, the lower ends of said brackets having lateral ears, cushions cooperative with and between the ears and said front cross member and diverging co-axially with the ears and means holding said ears and the cushions in assembled relation on said cross member, thereby providing compensating means for vibrations of the motor due to torque movement."

The invention relates to brackets to be used in connection with the support of the motor in a model A Ford automobile. Owing to the manner of construction of the supporting springs between the motor and the frame in that model of Ford car, there was excessive vibration, and the bracket supports here involved eliminated much of the vibration inherent in that model of car.

There is no question raised as to the interpretation of the counts, or as to the right of either party to make the same, and the

sole issue as presented to this court relates to the question as to whether or not the appellee, Rondelle, proved a reduction to practice in the year 1929 prior to appellant's conception.

Berman, the senior party, filed his application April 17, 1931, and reduced his invention to practice in October, 1929. His conception was admittedly subsequent to Rondelle's claimed reduction to practice in May, 1929. Rondelle filed his application September 25, 1931, and alleged conception in September, 1928, and reduction to practice in May, 1929.

It is conceded in this case that if the testimony offered by Rondelle is given the weight given it by the Examiner of Interferences and the Board of Appeals, the decision of the Board should be affirmed.

Rondelle, appellee, a machinist and mechanic, testified that he conceived the invention in September, 1928; that the brackets were made and installed on Rondelle's car in the shop of the witness Ortega, with Ortega's assistance, in April, 1929; that the brackets were installed in the manner specified in the counts and the car was driven at that time; that the vibration was eliminated by his device; that he bought the Ford car in March, 1929, for the purpose of trying out this support which he had previously conceived. He fixed the date of his test of the device from the date upon which he bought the car and from the fact that he made the installation near Easter, 1929, just after he made a trip to see his mother-in-law. Rondelle fixes his claimed conception date of September, 1928, by a trip he made at that time to Santa Rosa. He stated that while waiting to make that trip he was looking at a display of Ford automobiles when he conceived the notion of curing the defects in the car.

Rondelle's Exhibit 1 consists of certain sketches of the brackets made by Rondelle and entered in a 1929 diary, which diary contained the printed days and dates of each month of the year 1929. It is argued by appellant that there is nothing about the sketches which would indicate that they were entered in 1929. The Board, referring to the diary entries, stated that the diary bore evidence that it was used in the regular course of Rondelle's business, and that it had the ear-marks of authenticity. While the Board did not give the diary great weight in proving specific dates, it concluded that the sketches were made in the year 1929.

Berman questions the conception date of Rondelle in the fall of 1928, and points out that his alleged conception date was prior to November, 1928, when the model A Ford car was first put on the market; that Rondelle could not have seen the Ford car and observed its defects until it was available for such purpose. Berman argues that if Rondelle did not conceive on the date claimed, he probably did not conceive until the fall of 1929, and from this premise questions all of Rondelle's proof.

The Board of Appeals pointed to the fact that the circular advertising this model car might have been available to Rondelle, and that his conception might have originated from the circular. Rondelle was not cross-examined in much detail on this phase of the question and his testimony stands unimpeached, and, with the exception of matters relating to the date of his conception, is corroborated by his two witnesses, Ortega and Libonati.

With reference to Rondelle's reduction to practice, Ortega, the owner of the shop where Rondelle's device was constructed, corroborated Rondelle's testimony as to the date upon which he assisted Rondelle in constructing the device. He states that his shop was opened on April 10, 1929, and fixes the date when the brackets were constructed by reference to a carbon copy of a bill dated April 23, 1929, Rondelle's Exhibit 4, which purports to bear a charge for making the brackets. Said Exhibit 4 is severely criticized by the appellant because it does not identify the brackets mentioned thereon as the particular brackets installed on the car. Appellant suggests that the brackets may have been made for beds and bed-springs in which Rondelle was interested; that the bracket item appears to be written with a different pencil than that used to write the remaining portion of the bill, particularly the date, and that the bracket item did not follow the ruled lines on the paper used. It is argued here that the bracket item may have been added to the bill at some subsequent time.

The difficulty with this position is that the witnesses' testimony was not shaken by any cross-examination or weakened by any other proof offered, and the fact that the item might have been written at some other time does not justify a conclusion that it was so written. On this phase of the case, the Examiner of Interferences said: " * * * It was the duty of the party Berman, at the time the testimony was taken to produce any

evidence that was available to show that Rondelle and his witnesses were in error. In the absence of such evidence their testimony cannot be rejected simply because there is an apparent possibility of error."

The Board approved the views expressed by the Examiner of Interferences, but regarded as unnecessary a repetition of the same in its decision.

Rondelle's other corroborating witness, Libonati, was an automobile mechanic. He describes the device in detail, and states that he rode in Rondelle's car after the device was installed and noticed that it decreased the vibration. Libonati stated that this took place some time between May 2 and the first part of June, 1929, and fixes the date on account of his wife's birthday (May 2) and the date when he took his annual vacation, which vacation period was the first two weeks of June.

Appellant here argues that Libonati's wife must have had a birthday every year, and that Libonati might have witnessed the demonstration of the device in 1930 rather than in 1929. Here again it may be suggested that there was but meager cross-examination of Libonati, and nothing appears in the record which contradicts or weakens his positive and definite testimony.

As has been pointed out in detail in appellant's brief, there are certain elements of weakness in the testimony offered by the appellee. Notwithstanding this fact, the very positive and definite features of the testimony of the witnesses heretofore referred to have not been rebutted, and we, like the tribunals below, cannot reject the same as being insufficient proof of the facts claimed merely because it is possible that the witnesses might have been mistaken.

The Examiner of Interferences and the Board are in complete accord on the only question presented in the case, which is a question of fact, and under the well-known rule this court will not reverse the decision of the Board under such circumstances, unless it is clearly erroneous.

We are in accord with the decision of the Board of Appeals in holding that Rondelle has established conception and reduction to practice of the invention defined by the counts prior to the alleged date of conception of the party Berman, and that priority of invention of the subject-matter in issue was properly awarded to the appellee.

The decision of the Board of Appeals is affirmed.

Affirmed.